SIOUX FALLS NATIONAL BANK, Respondent, *v.* FIRST NATIONAL BANK OF SIOUX FALLS ET AL., Appellants.

**1. Banks and Banking — National Banks — Receivers — Parties.**

A receiver, under the National Bank Act, is entitled to be substituted as sole defendant in actions pending against the bank at the time of his appointment.

**2. Same — Appeal, Right of — Attachment.**

A national bank, after the appointment of a receiver, has no authority to appeal from an order refusing to dissolve an attachment made before the receiver's appointment. .

**3. Same — National Banks — Powers — Cashier's Check — Liability.**

Where a national bank issued its cashier's check to a county treasurer in order that he might effect a settlement of his accounts with the board of county commissioners, *held* (the board having no notice of any defense to the check), that on the settlement the check immediately became the property of the county, that the bank could assert no want of power to issue the same, nor the existence of any fact that might be a defense between itself and the treasurer. *Held*, also, that the transferee of the check would succeed to the rights of the county and in an action on the check, would, as a matter of law, be entitled to a verdict against the bank.

(Argued and determined at the October Term, 1888.)

APPEAL from the district court, Moody county ; Hon. JAMES SPENCER, Judge.

This was an action by the respondent, as transferee, against the appellant upon its cashier's check. It appeared that in January, 1886, the county treasurer of Minnehaha county, Dakota, required more funds than he was in possession of to make his settlement with the board of county commissioners. To make up the deficiency he applied to the appellant, the First National Bank of Sioux Falls, where he had been depositing, to get the required funds. He had nothing on deposit, but upon his statement that the funds would be required only a few minutes, and that he would return them, the cashier (the president of the bank consenting) issued

to the treasurer the check in suit. The following is a copy of it:

"No. 91.                              SIOUX FALLS, Dak., *Jan.* 12, 1886.

"The First National Bank of Sioux Falls, pay to the order of C. K. Howard, county treasurer, sixteen thousand five hundred and seventy-one and $\frac{61}{100}$ dollars.

"$16,571.61.                           W. F. FURBECK, *Csr.*"

The treasurer indorsed the check in blank, and the commissioners, that evening, January 12, 1886, accepted it with the other funds and made a settlement with him. They then turned the funds, including the check, over to his bondsmen pending his procuring additional security, as one of his bondsmen had left the territory. The bondsman in whose custody the funds were placed took them to the plaintiff bank, where they were deposited about 2 P. M., January 13, 1886. There was no other indorsement on the check than that of the treasurer. The plaintiff bank credited the depositor with the check, and on the same day, presented it to the defendant bank for payment. Payment was refused, whereupon this suit was brought, January 14, 1886. It appeared the plaintiff had advanced nothing, nor had it incurred any liability on account of the check until the 19th of January, 1886. On the 1st of March, 1886, the plaintiff caused an attachment to be levied upon the property of the defendant bank, and on the 9th, the court denied a motion to dissolve the attachment. Two days after this the controller of the currency, under section 5234, R. S. U. S., appointed a receiver of the bank. The receiver upon his appointment, qualification and taking possession of the property, applied to the court to be substituted as party defendant. The court refused this, but ordered that he be made a party defendant, to which he excepted.

The capital stock of the defendant was $50,000.

At the trial the only material issue of fact was whether or not the plaintiff was a *bona fide* holder of the check for value. On this issue, upon the plaintiff's application to direct a verdict, the court held: "There is no evidence * * * that the plaintiff had notice of any irregularity in the issuance of this check, or that there was any defense to it in the hands of any one, until the evening of January 13." It, therefore, directed a verdict as requested.

There was no evidence that the board of county commissioners, at the time they took the check, had any notice of the facts or circumstances under which it was issued.

Upon the denial of a motion for a new trial final judgment was entered. After the entry of the judgment the defendant bank, August 28, 1888, appealed from the order denying the application to dissolve the attachment, and the receiver and defendant bank appealed from the judgment.

*Wilkes & Wells, Boyce & Boyce* and *T. N. Noyes,* for appellant bank.

The check was without consideration and in excess of the powers of the bank. Green Brice *Ultra Vires,* p. 225, *n. a ;* Rand. Com. P., §§ 472, 476. The commissioners had no authority to receive it from the treasurer. Clay Co. v. Simmons, 1 Dak. 431; Halbert v. State, 22 Ind. 120; Shelton v. State, 53 id. 331; State v. Harper, 6 Ohio St. 607; Perley v. County, 32 Mich. 132; S. C., 20 Am. Rep. 637; State v. Miss. Co., 74 Mo. 413; Swartwout v. Bank, 5 Denio, 555. There can be no estoppel against showing an act made void by statute. Bigelow (4th ed.), 544; Franklin v. Lewiston S. I., 68 Me. 43; Morse, 302.

The attachment should have been dissolved. Butler v. Coleman, 124 U. S. 721, 8 Sup. Ct. Rep. 718.

*T. B. McMartin,* for the receiver.

The court should have allowed the substitution. R. S. U. S., § 523; Ball Nat. Bks., p. 232; Bolles, § 328; Kennedy v. Gibson, 8 Wall. 498; Bank v. Pahquioque, 14 id. 383; Harvey v. Allen, 16 Blatchf. 29; Casey v. Galli, 94 U. S. 673; Bank v. Kennedy, 17 Wall. 87; § 85, C. C. Pro.; Wait Code, § 121, pp. 139, 143, 145; 1 Wait Pr. 159; Tracy v. Bank, 37 N. Y. 525; Claflin v. Bank, 54 Barb. 229; Codle v. Baker, 20 Wall. 650.

The court erred in directing the verdict. There were no funds to represent the check. If it should be called a loan, it was without authority. The bank could not loan more than a tenth of its capital stock to one individual, and it was beyond the power of the cashier to make a loan at all. These defenses would be available were the instrument negotiable, and the plaintiff an innocent purchaser, neither of which we claim exists in this case. Further,

the check was delivered conditionally only, and the condition was broken. R. S., § 5200; Ball. Nat. Bks., p. 184; Browne N. B. Cas. 487; Cannonsburg I. Co. v. Union N. B., 4 Cent. Rep. 261; Morse, 204; Pa. Bank v. Frankish, 91 Pa. St. 343; Briggs v. Holmes, 10 Cent. Rep. 629; Anderson v. Kissam, 35 Fed. Rep. 699. The bank had no power to loan its credit. R. S., § 5136; Johnson v. Charlottesville Nat. Bk., 3 Hughes, 657; Ball, 50, 100, 102; Browne N. B. Cas. 195, 203; Farmers & M. Bk. v. Troy Bk., 1 Doug. (Mich.) 457; Claflin v. Farmers & C. Bk., 25 N. Y. 293; Bank v. Patchen, 13 id. 309. The county was in no better position than Howard. It had no authority to receive the check. Pol. C., chap. 28, §§ 48, 49, 42, 43, 95, 96, 102; Pol. C., chap. 5, § 14; Cawley v. People, 95 Ill. 246; Stern v. People, 102 id. 543; Berry v. Hamby, 1 Scam. 468; Hewitt v. Noman, 94 Ill. 533; School District v. Fogleman, 76 id. 190; People v. Johnson, 100 id. 539; Heald v. Bennett, 1 Doug. (Mich.) 513; Dickinson v. Gilliland, 1 Cow. 481; Herriman v. Sherman, 24 Kans. 387; Wright v. Bailey, 26 Tex. 730; Jackson v. Bartlett, 8 Johns. 361; Beers v. Henderson, 45 N. Y. 665; Ward v. Smith, 7 Wall. 447; Goden v. Patterson, 13 Ia. 256; Elliott v. Miller, 8 Mich. 132; Woodbury v. Lewis, Walk. (Ch.) 259. The test is, could Howard have compelled the county to take the check in part payment. The plaintiff bank, knowing the check was a county fund, was not an innocent holder. It also knowing there was no consideration for it before parting with any thing of value, it ought to have charged it back to the depositor. Dresser v. Missouri C. Co., 93 U. S. 93; Man v. Bank, 1 Pac. Rep. 583; Bank v. Racine, 37 Mo. 420; Bank v. Valentine, 18 Hun, 417; Dougherty v. Bank, 93 Pa. St. 227; Jordan v. Bank, 74 N. Y. 467; Bank v. Bank, 1 Hall, 619; Hubbard v. Chapin, 2 Allen, 328; Holcomb v. Wyckoff, 35 N. J. L. 36; Hollman v. Hobson, 8 Humph. 127; Bank v. Chapin, 8 Metc. 40; Buller v. Harrison, 2 Cowp. 565; Clarke v. Bank, 52 Barb. 592; Platt v. Chapin, 49 How. Pr. 318. The plaintiff, was not a purchaser in good faith in the ordinary course of business. C. C., §§ 1852, 2105; Daniel, §§ 769, 799; Am. L. Rev., Feb., 1885, p. 86; Kennedy v. Otoe C. Bank, 7 Neb. 59; Merchants' Nat. Bank v. State Bank, 10 Wall. 604; Thomp. N. B. Cas. 46; Ball, 54; Morse, 108.

*H. H. Keith,* for respondent.

There was no error as to the substitution. Case v. Terrill, 11 Wall. 199 ; Kennedy v. Gibson, 8 id. 506 ; Bank v. Pahquioque, 14 id. 383 ; Myers U. S. Cas. on Banks, 326 ; Rosenblatt v. Johnston, 104 U. S. 833 ; Bank v. Kennedy, 17 Wall. 21 ; Security Bk. v. Bank, 2 Hun, 287 ; Chemical N. Bk. v. Bailey, 12 Blatchf. 480 ; § 82, C. C. Pro.

The court cannot set aside the order sustaining the attachment.

The verdict was properly directed. The defendant is estopped to deny the validity of the check in the hands of the plaintiff. Pickard v. Sears, 6 Ad. & Ell. 475 ; Dezell v. Odell, 3 Hill, 215 ; Brown v. Brown, 30 N. Y. 541 ; Merchants' N. Bk. v. State Bk., 10 Wall. 604 ; McWilliams v. Mason, 31 N. Y. 294 ; McNeil v. Tenth N. Bk., 46 id. 325 ; Cooke v. State Bk., 52 id. 115 ; Morse v. Mass. N. Bk., 1 Holmes, 209 ; Pope v. Bank, 59 Barb. 226 ; Farmers & M. Bk. v. Butchers & D. Bk., 14 N. Y. 623 ; Safford v. Wyckoff, 4 Hill, 442 ; House v. Williams, 10 Paige, 326 ; Dowe v. Shutt, 2 Den. 621 ; Dezell v. Odell, 3 Hill, 215 ; Zabriskie v. R. R. Co., 23 How. 381. See, also, Hern v. Nichols, 1 Salk. 289 ; Swan v. British A. Co., 7 H. & M. 603 ; Knox Co. v. Aspinwall, 21 How. 539 ; Bissel v. City, 24 id. 287 ; Moran v. Commissioners, 2 Black, 722 ; Marshall v. Schenck, 5 Wall. 772 ; R. R. Co. v. Schuyler, 38 Barb. -536 ; S. C., 34 N. Y. 30. The check was valid, and it was an absolute appropriation by the bank of sufficient money to pay it. Merchants' N. Bk. v. State Bk., 10 Wall. 604 ; Florence M. Co. v. Brown, 8 Sup. Ct. Rep. 531 ; Morse (2d ed.), 202 ; Bolles, § 231. It pledged the credit of the bank the same as a certificate of deposit or certified check. It was the same as money. Morse, 307 ; 2 Daniels, § 1601 ; 2 Pars. B. & N. 74 ; 2 Rand. Com. P., § 645 ; F. & M. Bk. v. B. D. Bk., 16 N. Y. 125 ; Meads v. Merchants' Bk., 25 id. 143 ; First N. Bk. v. Leach, 52 id. 350 ; Pa. Bk. v. Frankish, 91 Pa. St. 344 ; Bolles, § 224 ; Cooke v. State N. Bk., 52 N. Y. 96 ; Bickford v. First N. Bk., 42 Ill. 238 ; Claflin v. Farmers & C. Bk., 25 N. Y. 300. The rule that a treasurer cannot receive a promissory note in payment of taxes, etc., has no application here.

Immediately on the deposit the plaintiff acquired title to the

check and became the debtor of the depositor. Chambers v. Miller, 13 C. B. (N. S.) 125; Oddie v. Bank, 45 N. Y. 735; Bank v. Millard, 10 Wall. 152; Commercial Bk. v. Hughes, 17 Wend. 100; Terhune v. Bank, 34 N. J. Eq. 367; Morse, 321; Nat. Bk. v. Burkhardt, 100 U. S. 686; Metropolitan Nat. Bk. v. Lloyd, 25 Hun, 101; S. C., 90 N. Y. 530; Cragie v. Hoadley, 99 id. 133; Hoffman v. Nat. Bk., 46 N. J. L. 604; St. Louis & S. F. R. R. Co. v. Johnston, 27 Fed. Rep. 243; Nat. C. Bk. v. Howard, 3 How. Pr. (N. S.) 512; Bolles, § 20; Ayers v. Farmers & M. Bk., 79 Mo. 421; Bank v. Bank, 10 Wheat. 329; Nat. Bk. v. Peck, 127 Mass. 298; Scott v. Ocean, 23 N. Y. 289; Keene v. Collins, 1 Metc. (Ky.) 415; Brahm v. Selkins, 77 Ill. 263; *In re* Franklin Bk., 1 Paige, 254; Seventh Nat. Bk. v. Cook, 73 Pa. St. 483; S. C., 13 Am. Rep. 751. The check was commercial paper, and the burden of showing the plaintiff was not a *bona fide* holder was on the defendants. Pa. Bk. v. Frankish, 91 Pa. St. 339; Fifth N. S. Bk. v. First Nat. Bk., 7 Atl. Rep. 318; Credit Co. v. Howe M. Co., 8 id. 472; Goodman v. Simonds, 20 How. 343; Murry v. Lardner, 2 Wall. 110; Swift v. Smith, 102 U. S. 442; Goetz v. Bank, 119 id. 551; Hamilton v. Marks, 63 Mo. 167; Welch v. Sage, 47 N. Y. 143; Nat. Bk. v. Young, 41 N. J. Eq. 531; Morton v. N. O. & S. R. R. Co., 79 Ala. 590.

By the COURT:

The judgment in this case is affirmed, the court holds:

1. The court erred in denying the motion of the receiver to be substituted as sole defendant in the action.

2. The appeal taken by the defendant bank, after the appointment of the receiver, from the order refusing to dissolve the attachment, was unauthorized and must be dismissed.

3. The cashier's check sued upon in this action, upon its delivery to Howard as treasurer, immediately became the property of the county and the defendant bank could not be heard to assert its want of power to issue the same, or the existence of any fact which might be a defense between itself and Howard in his individual capacity; and the plaintiff bank, having, by the transfer, succeeded to all of the rights of the county, there was no error in directing the verdict of the jury.

All concur except SPENCER, J., not sitting.